UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESUS MIGUEL RIVERA RIVERA,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>FIELD OFFICE DIRECTOR,<br>DAVID J. VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | ) | No. 2:26-cv-00674-JRS-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jesus Miguel Rivera Rivera is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on October 1, 2026. For the reasons explained below, the Court **grants** the petition to the extent that Respondents are ordered to either afford Mr. Rivera Rivera an individualized bond hearing or release him from custody under reasonable conditions of supervision.

## I. Background

Mr. Rivera Rivera is a citizen of Venezuela. Dkt. 1, ¶ 1. He first entered the United States without inspection on December 22, 2021. *Id.* Agents from the Department of Homeland Security arrested him, issued him a Notice to Appear, and released him on his own recognizance. Dkt. 1-1 at 1–2. He has remained in the United States since.

On October 1, 2026, Mr. Rivera Rivera was detained and taken into custody during an interview at the Chicago ICE Field Office. Dkt. 1, ¶ 5. He was served with

a Notice to Appear charging him as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). Dkt. 7-1 at 1, 4. Mr. Rivera Rivera was detained at the Clay County Jail until October 10, 2026, and was housed there when he filed this petition. He has since been transferred to the Greene County Jail in Springfield, Missouri, where he remains. *Id.* at 12.

Mr. Rivera Rivera has not requested or been provided a custody redetermination hearing. He asks the Court to excuse him from the requirement that he request a hearing and either order his immediate release or require Respondents to provide him a bond hearing at which they would bear the burden of showing that he presents a danger or flight risk justifying his continued detention.

## II. Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Rivera Rivera asserts that his detention violates his right to due process under the Fifth Amendment and the Immigration and Nationality Act ("INA") and its governing regulations. He also argues that his arrest was warrantless and therefore illegal. He seeks his immediate release or a bond hearing at which the government bears the burden of proof.

Respondents concede that the Seventh Circuit's decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), "resolves the case and controversy of this Petition" and that, under *Cirrus Rojas*, "Petitioner is entitled to a custody redetermination hearing in immigration court." Dkt. 7 at 1–2. But Respondents note that Mr. Rivera

Rivera is now in Missouri, which falls under the jurisdiction of the Eighth Circuit. The Eighth Circuit ruled in *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), "that individuals like the Petitioner who were living outside of the United States and who entered without inspection are not subject to bond but are subject to mandatory detention." Dkt. 7 at 2. Respondents do not argue that Mr. Rivera Rivera must exhaust his administrative remedies because under *Herrera Avila*, he "would not be entitled to a bond hearing." *Id.* Respondents state, "should this Court order that the Petitioner is entitled to a bond hearing, the Court's decision will be promptly communicated to the Executive Office for Immigration Review with instructions to schedule a bond hearing in compliance with this Court's order." *Id.*

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Rivera Rivera to fully exhaust the bond redetermination process through the agency before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

Mr. Rivera Rivera does not state that he has requested or received a bond hearing, but he may not be entitled to one in Missouri under *Herrera Avila*. Given that, and because Respondents do not argue for exhaustion, the Court will excuse the exhaustion requirement and grant Mr. Rivera Rivera's petition in part.

## III. Scope of Relief

As noted above, Mr. Rivera Rivera requests release from custody or a bond hearing at which the government bears the burden of proof. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). But the parties agree that Mr. Rivera Rivera is subject to § 1226(a), which gives the government discretion to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Rivera Rivera's custody is therefore not unlawful because he is detained but because he has not received the bond hearing required under § 1226(a)(1). The Court therefore finds that immediate release would not be in the interests of justice.

Because the Court has found that Mr. Rivera Rivera's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Nor will the Court reach Mr. Rivera Rivera's request that the Court place specific constraints on the immigration judge's decision-making at a bond hearing. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[1] Section 1226 is silent as to the burden of proof, so Mr. Rivera Rivera's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Rivera Rivera's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, Mr. Rivera Rivera asserts that his arrest was warrantless. But the record reflects that he was given an administrative warrant for his arrest the same day he was detained by ICE officials. Dkt. 7-1 at 5.

---

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

## IV. Conclusion

The Court **grants** the petition to the extent that **no later ten days from the date of this order**,[2] Respondents must either: (1) provide Mr. Rivera Rivera with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Rivera Rivera from custody under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Rivera Rivera with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Rivera Rivera's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 11/2/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

[2] The parties may extend this deadline by agreement without need for further action by the Court.